UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| HEIDI N., | NO: 13-CV-5120-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13; 14). The Motions were submitted for consideration without a request for oral argument. The Court has reviewed the administrative record and the Parties' completed briefing and is fully informed. For the reasons discussed below, the Court **grants** Defendant's Motion (ECF No. 14) and **denies** Plaintiff's Motion (ECF No. 13).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on July 29, 2014, alleging a disability onset date of July 14, 2014. Tr. 15. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 15. Hearings were held before an Administrative Law Judge on April 5, 2017 and July 19, 2017 in Spokane, Washington. Tr. 15. The ALJ rendered a decision denying Plaintiff benefits on August 4, 2017. Tr. 15-29.

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity from October 2015 to May 2016 but otherwise found "there has been a continuous 12-month period(s) during which" Plaintiff did not engage in substantial gainful activity. Tr. 17-18. At step two, the ALJ found that Plaintiff had the following severe impairments: "plantar fasciitis, episodic; degenerative disc disease lumbar spine; major depressive disorder; posttraumatic stress

disorder (PTSD); and rule out for learning disorder, not otherwise specified (20 CFR 404.1520(c))." Tr. 18. At step three, the ALJ found Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 21. The ALJ then determined that Plaintiff had the residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b). She can lift no more than 20 pounds at a time occasionally and lift or carry 10 pounds at a time frequently. She is able to sit, stand, and walk without limits in an 8-hour workday with normal breaks. She cannot climb ladders and scaffolds and can no more than frequently engage in stooping, crouching, and crawling. She must avoid concentrated exposure to heavy industrial type vibration and extreme cold, with no unprotected heights. She is capable of understanding, remembering, and carrying out simple routine and/or repetitive work instructions and work tasks. She can work with, or in the vicinity of coworkers but not in a teamwork-type work setting. She can handle normal supervision but no over-the-shoulder or confrontational type of supervision. She would do best in a routine work setting with little or no changes. There should be no fast paced or strict production quota type work.

Tr. 22. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a stock clerk at Walmart. Tr. 27. The ALJ alternatively found that Plaintiff would be able to perform other work that exists in significant numbers in the national economy—namely, housekeeping/cleaner, cafeteria attendant, and small parts assembler. Tr. 27-28. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied her claims on that basis. Tr. 28-29.

The Appeals Council reviewed Plaintiff's request for review and, on May 14, 2018, found Plaintiff did not present a sufficient reason to change the ALJ's decision, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises four issues for review:

1. Whether the ALJ erred in weighing the medical opinion evidence;
2. Whether the ALJ erred in rejecting Plaintiff's subjective testimony;
3. Whether the ALJ erred at step four; and
4. Whether the ALJ erred at step five.

ECF No. 13 at 8-9.

## DISCUSSION

A.  **Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more

weight than the opinion of a reviewing physician. *Id.* In addition, more weight is given to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

1. **Opinion of Dr. O'Connor**

Dr. O'Connor is a treating physician of Plaintiff. Tr. 25. In November 11, 2015, Dr. O'Connor opined that Plaintiff was limited to sedentary exertion due to low back pain that was not well treated. Tr. 25. The ALJ accorded the opinion of Dr. O'Connor "some weight". Tr. 25. Plaintiff argues this was error. ECF No. 13 at 11. Plaintiff argues the ALJ provided "no reason for this other than a vague assertion that the examination by Dr. O'Connor at this time was within normal

limits." Plaintiff asserts the "ALJ did not explain how this was a reason to reject [Plaintiff's] opinion" concerning pain. ECF No. 13 at 11.

Contrary to Plaintiff's contention, the ALJ explained that the opinion of Dr. O'Connor was accorded "some weight" because (1) Plaintiff's exam demonstrated she fell within normal limits; (2) according to Dr. Jahnke, the sedentary restriction was qualified with the need to do physical therapy and that such would allow Plaintiff to return to normal activities; and (3) Dr. O'Conner's notes suggest she questioned the veracity of Plaintiff's complaints.[1] Tr. 25-26. Substantial evidence supports these findings; the proffered reasons – especially the concern that Dr. O'Connor held reservations about the veracity of Plaintiff's complaints – are specific and legitimate, which is all that is needed, given Dr. O'Connor's medical opinion is contradicted by other medical opinions. The ALJ did not err.

2. **Opinion of Dr. Blagov**

The ALJ accorded "some weight" to the opinion of Dr. Blagov. Tr. 26. Dr. Blagov opined that while the claimant may continue to experience symptoms over

---

[1] Dr. O'Connor personally noted that she was "concerned about [Plaintiff's] inability to be direct in her answer to questions" and noted that despite Plaintiff's report of having back pain for a long time, Plaintiff had mentioned this in passing only once previously. Tr. 26.

the long-term, it was reasonable to expect at least some improvement in her condition with treatment, and she may be able to return to at least part-time work after one year of treatment. Tr. 26. The ALJ noted that Plaintiff began working at Walmart one year after the opinion and found that "there is no support in this record that she could not have worked during that one-year period from October 2014 to October 2015." Tr. 26.

Plaintiff contends the ALJ erred in finding the record did not support an inability to work during the one-year period. ECF No. 13 at 12. Plaintiff simply argues that the record supports Dr. Blagov's opinion because Plaintiff's cognitive status exam resulted in a low score and the record shows Plaintiff suffered from severe depression, PTSD, and anxiety. ECF No. 13 at 12. In other words, Plaintiff argues the record supports an alternative finding, but Plaintiff does not actually argue the finding is not supported by substantial evidence, as she must to succeed on appeal.

The Court finds that the ALJ made a reasonable determination. Notably, the ALJ recognized Plaintiff appeared depressed at the time of Dr. Blagov's evaluation, that her affect was inappropriate at times, and that her speech was hesitant and halting, but reasonably determined that these observations were consistent with the ability to perform simple, routine, and repetitive work given they persisted throughout the record—including when Plaintiff was holding

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

employment. Tr. 26. This is a specific and legitimate reason, supported by substantial evidence, for discounting the opinion.

B. **Credibility Finding**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.927. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation

for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff complains that the ALJ did not provide clear and convincing reasons for his negative credibility finding. ECF No. 13 at 13. The ALJ found Plaintiff's assertion of total disability was not supported by the weight of the evidence. Tr. 23-24. However, Plaintiff only attempts to pick apart portions of the ALJ's reasoning, rather than addressing all of the ALJ's findings. *See* ECF Nos. 13 at 13-15; Tr. 24 (highlighting Plaintiff's varying explanations for why she quit working at Walmart while noting she was generally successful while working there given she got raises and was asked to come back after the holiday season ended; finding certain limitations (*e.g.* inability to cook, mop, vacuum, or sweep – were no longer present given Plaintiff's wide variety of activities of daily living, which

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

included mowing the lawn). The ALJ gave great weight to Drs. Jahnke and Craigg's opinions that they were not sure Plaintiff's plantar fasciitis resulted in any work-related limitations. Tr. 25.

Plaintiff argues the ALJ's assertion that Plaintiff's claims of back pain while working at Walmart were not supported by objective findings (1) contradicts the ALJ's own statement that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" and (2) contradicts the ALJ's finding that degenerative disc disease of the lumbar spine was one of the claimant's sever impairments. ECF No. 13 at 14. Contrary to Plaintiff's position, a finding that there is objective evidence to support some of the symptoms is not inconsistent with finding the objective evidence does not support the *severity* of the alleged symptoms—indeed, a credibility determination is only made *after* the ALJ determines there is objective medical evidence supporting the complained-of symptoms.[2] Further, a finding that an impairment is "severe" is simply a threshold

---

[2] In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. As long as the impairment "could reasonably be expected to produce [the] symptoms," the

determination that an impairment "significantly limits" the claimants ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Moreover, the MRI – to which Plaintiff points – only showed mild to moderate results and was procured in June 2017, long after leaving work at Walmart. Finally, Plaintiff has not even attempted to argue how the RFC does not adequately accommodate the noted back pain and has thus failed to demonstrate the ALJ committed reversible error.

Next, Plaintiff takes issue with the ALJ's assertion that Plaintiff had generally normal mental status examinations. ECF No. 13 at 14. Plaintiff notes she had incongruent affect and "*occasionally* appeared depressed or anxious" and speculates that it is unlikely Plaintiff would attend appointments when her symptoms were most severe. ECF No. 13 at 14 (emphasis own). However, occasionally appearing depressed or anxious is consistent with the ALJ's assertion and Plaintiff does not argue otherwise, as she must.

Finally, Plaintiff simply notes that the ALJ found Plaintiff's daily activities were not consistent with her allegation of disability and then recites case law discussing how certain daily activities are not necessarily inconsistent with a finding of disability. ECF No. 13 at 15. However, Plaintiff does not apply the law

---

claimant may offer a subjective evaluation as to the severity of the impairment. *Bunnell v. Sullivan*, 947 F.2d at 345.

to the facts of the case or otherwise explain how the ALJ's conclusion is wrong. Plaintiff has thus failed to meet her burden to demonstrate harmful error. In any event, there is substantial evidence in the record to support the ALJ's determination. *See* ECF No. 14 at 10-11.

Plaintiff has not demonstrated the ALJ committed harmful error in the credibility determination.

C. **Error at step four and step five**

Plaintiff argues the ALJ erred at step four and step five. Plaintiff argues the ALJ did not make sufficient findings at step four. ECF No. 13 at 16. Plaintiff also argues ALJ erred at step four and five because the assigned RFC was based on erroneous findings (based on the arguments above). ECF No. 13 at 16-18. Because the arguments above fail, the ALJ did not err at step five in finding Plaintiff can perform other work that exists in significant numbers in the national economy—namely, housekeeping/cleaner, cafeteria attendant, and small parts assembler. Tr. 27-28. Given the alternative finding at step five, any error in step four would be harmless.

Plaintiff has thus failed to demonstrate the ALJ committed reversible error.

//

//

//

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** April 15, 2019.



THOMAS O. RICE
Chief United States District Judge